IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDE GONZALES,

    Plaintiff,

    vs.                                            No. CIV 00-0806 JC/LFG

NEW MEXICO GAME AND FISH, GERALD
MARACCHINI, in his individual capacity; ROBERTA
SALAZAR-HENRY, in her individual capacity; and
SHIRLEY BAKER, in her individual capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion for [sic] Remand Case to State Court, filed July 7, 2000 *(Doc. 8)*. Plaintiff argues that a remand of this case to state court is appropriate because not all of the Defendants consented to the removal, and Defendants failed to comply with 28 U.S.C. §1446(a). Plaintiff further requests that the Court award him the attorney fees and costs he incurred in connection with this motion to remand.

A. Consent to the Removal

Plaintiff asserts that Defendants' counsel cannot consent to this removal to federal court on behalf of Defendant New Mexico Game and Fish since the New Mexico Tort Claims Act does not waive the state's right to Eleventh Amendment immunity. Plaintiff bases this assertion on *Garcia v. Board of Educ. of Socorro Consol. Sch. Dist.*, 777 F.2d 1403, 1406-07 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986), which held that an attorney does not have the authority to waive sovereign immunity. Plaintiff, however, mischaracterizes the lack of consent issue. The issue at this

point in the lawsuit is not whether Defendants' counsel can waive sovereign immunity but rather did Defendant New Mexico Game and Fish properly invoke removal jurisdiction.

*Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 383 (1998), held that "defendants in a case filed in state court, with claims 'arising under' federal law, can remove that case to federal court--where some claims, made against a State, are subject to an Eleventh Amendment bar." The presence of an Eleventh Amendment defense, whether valid or not, does not destroy the original federal question jurisdiction over those claims not barred by the Eleventh Amendment. *Id*. at 389. That is the case here. Moreover, *Garcia* does not stand for the proposition that a state defendant's attorney cannot provide consent on behalf of a state entity to remove a case to federal court. I, therefore, find that Defendants' counsel properly consented on behalf of Defendant New Mexico Game and Fish to remove this case and that the presence of any Eleventh Amendment defense does not destroy federal question jurisdiction of this matter. The question of whether this removal constitutes a waiver of the Eleventh Amendment defense is one to be decided in the context of a motion to dismiss.

B.  Defendants' Failure to Comply with 28 U.S.C. § 1446(a)

Plaintiff also complains that Defendants failed to attach to any of the removal petitions the Hearing Officer's Certificate of Service, filed June 6, 2000 in state court. Plaintiff argues that this failure to attach the Hearing Officer's Certificate of Service amounts to a violation of 28 U.S.C. § 1446(a) which requires a defendant to attach to a notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." However, D.N.M.LR-Civ. 81.1(a) allows a removing party thirty calendar days after filing a notice of removal

to "file with the Clerk legible copies of records and proceedings form the state court action...."[1] In this case, Defendant's Second Notice of Removal was filed June 13, 2000 *(Doc. 5)*. Less than thirty days later, Defendants produced a copy of the Hearing Officer's Certificate and included it in their Response to Plaintiff's Motion to Remand Case to State Court, filed July 7, 2000 *(Doc. 10)*. I find that these circumstances constitute a timely filing of the Hearing Officer's Certificate with the Clerk. Accordingly, Defendants complied with both 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a). In sum, I find that Plaintiff's motion to remand is not well taken and should, therefore, be denied. I also find that Plaintiff's request for attorney fees and costs is not well taken and will be denied.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for [sic] Remand Case to State Court, filed July 7, 2000 *(Doc. 8)*, and request for attorney fees and costs are **denied**.

DATED this 21st day of August, 2000.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:    Michael Schwarz
                          Santa Fe, New Mexico

Counsel for Defendants:   Marcia E. Lubar
                          Marcia E. Lubar & Associates
                          Albuquerque, New Mexico

---

[1] Plaintiff cites to *Casados v. United Parcel Service*, No. CIV 96-1438 LH/RLP (Mem. Op., filed March 31, 1997), to support his contention that Defendants should not be allowed to amend their Second Notice of Removal, filed June 13, 2000 *(Doc. 5)*, to include the Hearing Officer's Certificate of Service. Plaintiff did not attach this unpublished opinion to his Memorandum in Support of Motion for [sic] Remand Case to State Court, filed July 7, 2000 *(Doc. 9)*. Not being able to obtain a copy of this opinion and considering its unpublished status, I will not discuss *Casados* in this Memorandum Opinion and Order.