IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDE GONZALES,

        Plaintiff,

vs.                                                          No. CIV 00-0806 JC/LFG

NEW MEXICO GAME AND FISH;
GERALD MARACCHINI, in his individual
capacity; ROBERTA SALAZAR-HENRY,
in her individual capacity; and SHIRLEY BAKER,
in her individual capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Remand State Claims to State Court for Lack of Subject Matter Jurisdiction, filed January 2, 2001 *(Doc. 43)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's motion is not well taken and will be denied.

**I.**      **Background**

Plaintiff Jude Gonzales was employed by Defendant New Mexico Department of Game and Fish for over twenty-two years until his termination on May 5, 1999. Plaintiff appealed his termination and the matter was referred to a hearing officer from the New Mexico State Personnel Board. After reviewing the evidence, the hearing officer recommended that Plaintiff's termination be upheld. The recommendation was adopted by the Personnel Board.

Plaintiff then filed his notice of appeal of the Personnel Board's decision in the form of a complaint for damages and administrative review with the First Judicial District Court for the

County of Santa Fe. Defendants then removed the case to federal court. *See* Notice of Removal, filed June 2, 2000 *(Doc. 1)*.

Plaintiff asserts four causes of action: (1) breach of employment contract; (2) administrative review; (3) violation of the Equal Protection clause; and (4) violation of the First Amendment. *See* Notice of Removal, filed June 2, 2000 *(Doc. 1)* and Defendants' Supplement to the Notice of Removal, filed June 9, 2000 *(Doc. 4)*. Plaintiff now moves to dismiss the first two causes of action and remand them back to state court. Plaintiff argues that the Eleventh Amendment deprives this Court of subject matter jurisdiction.

## II.     Standard of Review

A federal court's removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Any doubts are to be resolved in favor of remand. *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

A cause of action that was originally filed in the state court may be removed by the defendant where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). For removal to be considered proper, the removing party must demonstrate that the court is endowed with the requisite subject matter jurisdiction. *See Caterpillar v. Williams*, 482 U.S. 386, 391-92 (1987). If removal is improper, a court may remand the action to state court. "Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir.1993).

**III.     Discussion**

Plaintiff moves to dismiss Counts I and II and remand them to state court.  *See* Pl.'s Memorandum in Support of Motion to Remand State Claims to State Court for Lack of Subject Matter Jurisdiction, filed January 2, 2001 *(Doc. 44)*.  Plaintiffs argue that the Eleventh Amendment deprives this Court of subject matter jurisdiction.  *See id.* at 2.

The Eleventh Amendment provides:  "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   U.S. CONST. amend. XI.  Despite its express language, the Amendment has been interpreted to apply to suits against a State by its own citizens.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997).  Thus, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 121 S.Ct. 955, 962 (2001) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)).

However, state sovereign immunity is not absolute.   First, a state may not assert an Eleventh Amendment defense where Congress has properly abrogated its immunity.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996).   Second, a state may waive its sovereign immunity.  *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S.Ct. 2219, 2223 (1999).   Third, a private party may sue a state officer for prospective injunctive or declaratory relief from an ongoing violation of the Constitution or federal laws.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908);  *see also Alden v. Maine*, 527 U.S. 706 (1999) (affirming the continuing vitality of Ex parte Young ).  Here, the proper issue

before the Court is whether the state has waived its sovereign immunity.

Generally, a state may waive its Eleventh Amendment immunity in one of two ways. First, a state waives its immunity if it voluntarily invokes the jurisdiction of a federal court. *See College Sav. Bank*, 527 U.S. at 675-76. Second, a state waives its immunity if it makes a clear declaration that it intends to submit itself to the jurisdiction of a federal court. *See id.* (internal quotation marks and citations omitted). Thus, the Tenth Circuit has observed that "an unequivocal intent to waive immunity seems clear when a state, facing suit in its own courts, purposefully seeks a federal forum." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1170 (10th Cir. 2000) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). In this case, Plaintiff filed his case in state court. Defendants (the State) then removed the case to federal court. Therefore, the Court finds that Defendants, facing suit in its own courts, purposefully sought a federal forum when it removed the case to federal court, thereby waiving its Eleventh Amendment immunity.

Yet, the unusual aspect of this case is the Plaintiff raises the issue of Eleventh Amendment immunity, rather than the State, and argues that the Court lacks subject matter jurisdiction. However, Plaintiff cannot invoke Eleventh Amendment immunity on behalf of the State. "[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985)). The Eleventh Amendment does not grant a private individual the power to assert sovereign immunity on behalf of the State. Furthermore, the decision to waive immunity "is altogether voluntary on the part of the sovereignty." *Beers v. Arkansas*, 20 How. 527, 529, 15 L.Ed. 991 (1858). Thus, the Court finds

that Plaintiff cannot invoke Eleventh Amendment immunity on behalf of the State once the State has waived its immunity. The State has consented to suit in federal court, and it is proper for this Court to hear Counts I and II.

### IV.    Conclusion

For the above reasons, the Court finds that the State has waived it Eleventh Amendment immunity by purposefully seeking a federal forum when it removed the case. The Court further finds that Plaintiff cannot invoke Eleventh Amendment immunity on behalf of the State once the State has waived its immunity.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Remand State Claims to State Court for Lack of Subject Matter Jurisdiction, filed January 2, 2001 *(Doc. 43)* is **denied**.

DATED April 3, 2001.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Michael Schwarz, Esq.
    Santa Fe, New Mexico

Counsel for Defendants:

    Marcia E. Lubar, Esq.
    Albuquerque, New Mexico